## Mark L. Robinson and Linda Robinson v. Genevieve Patrick, et al.

[559 A.2d 1091]

No. 87-361

Present: **Peck, Dooley and Morse, JJ., and Connarn, D.J. (Ret.) and Springer, D.J. (Ret.), Specially Assigned**

Opinion Filed April 21, 1989

*David H. Greenberg,* Burlington, for Plaintiffs-Appellants.

*Donald J. Rendall, Jr.* of *Sheehey Brue Gray & Furlong,* Burlington, for Defendants-Appellees Averill.

**Morse, J.** Plaintiffs brought suit to quiet title against numerous interested parties in the Summit Ridge development in Burlington, Vermont, and appeal a judgment declaring that a restrictive covenant in plaintiffs' chain of title prohibits the subdivision of plaintiffs' premises. We reverse.*

---

* Most lot owners in Summit Ridge did not contest the action to quiet title or were not allowed standing to contest. Only the Averills were granted standing. Plaintiffs attack the Averills' standing to enforce the covenants, citing *Albright* v. *Fish,* 136 Vt. 387, 394, 394 A.2d 1117, 1121 (1978) (intention that benefit caused by covenants run with the land evidenced by "a common scheme" throughout properties affected). We conclude that plaintiffs waived any contention that "a common scheme" did not exist by objecting to the admission into

The plaintiffs acquired two contiguous lots (Lots 8 and 9) in the Summit Ridge development, which consisted of seventeen lots in all. Plaintiffs' deed, dated August 8, 1979, contains a number of restrictions, including one that provided: "The premises shall not be subdivided for sale purposes or otherwise."

Following a trial, the superior court concluded that the deed unequivocally meant that plaintiffs were prohibited from selling Lots 8 and 9 separately, as such sale would constitute a subdivision of the "premises." Consequently, the court did not consider extrinsic evidence presented at trial in construing the restrictive covenant.

We agree that the deeds in plaintiffs' chain of title and the original Summit Ridge plan of lots, which was incorporated in each deed, are sufficiently unambiguous to resolve the issue raised, but we reach the opposite conclusion.

The subdivision plan shows seventeen individual lots. The Averills' lot (15) is approximately the same size as Lot 9. The same restrictions apply to the Averills' lot. It defies common sense on this record to conclude that a buyer of two lots may not sell one of them unless some reason appears in the deed. The area covered by Lots 8 and 9 had been subdivided into two lots at the time of the initial development in 1961. There is no language in the deeds to suggest that the subdivision was altered and Lots 8 and 9 merged into one lot, thereby making a sixteen-lot subdivision. The mere purchase by plaintiffs of the two lots did not obtain their merger, as defendants insist. The illogic of defendants' position is made apparent by considering a hypothetical purchase of two noncontiguous lots, where their merger into one lot upon purchase could not plausibly be advanced. Plaintiffs should not be penalized simply for having selected contiguous lots.

We hold that the restriction in question applies to each lot independently. Lots 8 and 9 may be sold separately for residential use.

*Reversed.*

evidence of other Summit Ridge deeds to prove existence of "a common scheme." These deeds were not admitted. It was sufficient in this case that the Averills' chain of title contained the same restrictions as plaintiffs'.